UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 21-0166 (CRC) |

**ANSWER**

Defendant Federal Bureau of Investigation ("Defendant"), a component-agency of the United States Department of Justice ("DOJ"), hereby responds to the Complaint filed by Plaintiff, The Brady Center to Prevent Gun Violence ("Plaintiff").

**DEFENSES**

Defendant alleges the following defenses to claims asserted in the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of this litigation.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C. § 552(a)(4)(A)(iii).

## FOURTH DEFENSE

Defendant FBI is not a proper party, as it is not an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ is the proper party-defendant.

## RESPONSES TO THE NUMBERED PARAGRAPHS[1]

Defendants respond below to the separately numbered paragraphs and demand for relief contained in the Complaint. To the extent that any allegation is not explicitly admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds as follows:

1. This paragraph consists of Plaintiff's characterization of the present action, to which no response is required.

---

[1] Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2. Defendant admits only that it received a FOIA request from Plaintiff dated October 29, 2019. The remainder of the first sentence of this paragraph consists of Plaintiff's characterization of its purpose in submitting a FOIA request, to which no response is required. The second sentence consists of Plaintiff's characterization of its FOIA request, to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the full text of the FOIA request.

3. As to the first sentence in this paragraph, Defendant admits only that, as of the date of the Complaint, it had not issued a final determination to the request nor had it released any records in response to the request. As to the second sentence, Defendant admits only that it sent an email to Plaintiff on June 25, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations of this paragraph to the extent they are inconsistent with the full text of the email. The third sentence consists of Plaintiff's legal conclusions, to which no response is required.

4. As to the first sentence, Defendant admits only that it received a request from Plaintiff dated July 22, 2020. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations of this paragraph to the extent they are inconsistent with the full text of the request. As to the second and third sentences, Defendant admits that, as of the date of the Complaint, it had not issued a final determination to the request nor had it released any records or issued other correspondence to Plaintiff in response to the request. The fourth sentence consists of Plaintiff's legal conclusion, to which no response is required.

5.  As to the first sentence, Defendant admits only that it has not issued a notice of unusual circumstances. The second sentence consists of Plaintiff's legal conclusion, to which no response is required.

6.  This paragraph consists of Plaintiff's characterization of the relief sought in present action, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled any relief whatsoever.

## PARTIES

7.  This paragraph contains Plaintiff's self-description. Defendant lacks sufficient information or knowledge to form a belief about the truth of this description.

8.  As to the first sentence, admit. The second sentence is a legal conclusion couched as a factual allegation; therefore, no response is required.

## JURISDICTION AND VENUE

9.  The first and second sentences set forth legal conclusions regarding jurisdiction, to which no response is required. The third sentence sets forth legal conclusions regarding venue, to which no response is required.

10. As to the first sentence, deny that the FBI is an agency within the meaning of 5 U.S.C. § 552(f), but admit that the FBI is a component of the DOJ and is subject to the requirements of the FOIA. The second sentence is a legal conclusion couched as a factual allegation; therefore, no response is required.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

11. This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required. Defendant respectfully refers the Court to the

FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

12. This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required. Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

13. This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required. Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

14. This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required. Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

15. This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required. Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

## FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF

16. This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

17. This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

18. This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

19. This paragraph consists of background information regarding the Brady Act; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

20. This paragraph consists of background information regarding the Brady Act; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

21. This paragraph consists of background information regarding the Brady Act and the National Instant Criminal Background Check System ("NICS"); it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

22. As to the first sentence, Defendant admits only that the NICS is administered by the FBI's Criminal Justice Information Services Division ("CJIS") in Clarksburg, West Virginia. Plaintiff's allegations that NICS is an "information system" and is "housed" at CJIS do not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. To the extent a response is required, Defendant lacks sufficient information to confirm or deny these allegations. The second sentence of this paragraph consists of background information regarding NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

23. This paragraph consists of background information regarding NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

24. This paragraph consists of background information regarding NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. Footnote 11 contains Plaintiff's characterization of a judicial opinion; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

25. This paragraph, including the text of footnote 14, consists of background information regarding a separate legal action and Plaintiff's characterization of events in that legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

26. This paragraph consists of background information regarding a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

27. This paragraph consists of background information regarding a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

28. This paragraph consists of Plaintiff's description of its goals in pursuing the instant litigation; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

29. This paragraph consists of legal conclusions and arguments, to which no response is required.

30. This paragraph consists of Plaintiff's characterization of how it intends to use the requested information; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

**FOIA Request No. 1451131-000 NICS Standing Operating Procedures**

31. As to paragraph 31 and its three numbered subparagraphs, Defendant admits only that the FBI received a FOIA request from Plaintiff, dated October 29, 2019. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

32. Defendant admits only that the FBI received a FOIA request from Plaintiff, dated October 29, 2019. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

33. Defendant admits that Defendant sent a letter to Plaintiff dated November 5, 2019, in which it acknowledged the request and assigned it FOIA Request No. 1451131-000, with subject "NICS Standard Operating Procedures"; Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter. Defendant lacks sufficient information or knowledge to confirm or deny the details of Plaintiff's receipt of such letter.

34. As to the first sentence, Defendant admits that as of January 28, 2020, the FBI had not provided a final determination or a fee waiver determination and admits that the FBI received an emailed letter dated January 28, 2020, from Plaintiff. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents

and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence. As to the second sentence, Defendant admits only that the FBI responded via email on January 28, 2020. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

35. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

36. As to the first sentence, admits only that the FBI received an emailed letter dated March 9, 2020, from Plaintiff. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents. As to the second sentence, Defendant denies and avers that it sent an email to Plaintiff dated March 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

37. Defendant admits.

38. Defendant admits.

39. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

41. Defendant admits.

42. This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

43. Defendant admits only that it engaged in email communications with Plaintiff between June 2020 and November 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the

allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

44. Defendant admits only that it sent an email to Plaintiff dated June 25, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

45. As to the first sentence, Defendant admits only that it sent an email to Plaintiff dated July 1, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence. As to the second sentence, Defendant lacks sufficient information or knowledge to form a belief about the truth of this allegation.

46. Defendant admits only that it exchanged email communications with Plaintiff on July 6, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

47. Defendant admits only that on July 8, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request. The remainder of this paragraph consists of Plaintiff's characterization of the discussion and does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

48. Defendant admits only that on July 8, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request. The remainder of this paragraph

consists of Plaintiff's characterization of the discussion and Defendant lacks sufficient information or knowledge to respond to the allegations regarding details of that discussion.

49. This paragraph characterization of information regarding documents in a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required. To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

50. Defendant admits only that on July 8, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request. The remainder of this paragraph consists of Plaintiff's characterization of the discussion and Defendant lacks sufficient information or knowledge to respond to the allegations regarding details of that discussion.

51. Defendant admits only that (i) on July 16, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request, (ii) Plaintiff indicated it would not further reduce the size of its request, (iii) Plaintiff inquired about expedited processing, and (iv) Defendant indicated that Brady could submit a request for expedited processing via email. Defendant lacks sufficient information or knowledge to respond to the allegations regarding other details of that discussion.

52. Defendant admits only that it received an emailed letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter.

53. Defendant admits only that the FBI denied Plaintiff's request for expedited processing.

54. Defendant admits only that, as of the date of the Complaint, the FBI had not issued a final determination regarding FOIPA 1451131-000, nor had the FBI issued a final determination regarding Plaintiff's request for a fee waiver.

55. This paragraph consists of a legal conclusion, to which no response is required.

**FOIA Request No. 1451131-000 NICS Standing Operating Procedures**

56. In response to paragraph 56 and its eight subparts, Defendant admits only that it received, via its eFOIPA portal, a letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter.

57. Defendant admits only that it received, via its eFOIPA portal, a letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

58. Defendant admits only that it received, via its eFOIPA portal, a letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

59. Defendant admits.

60. This paragraph consists of allegations related to a FOIA request that is not the subject of this action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

61. Defendant admits only that (i) it received an email from Plaintiff dated October 16, 2020; (ii) it sent an email to Plaintiff dated October 19, 2020; (iii) it received an email from Plaintiff dated October 19, 2020; and (iv) it sent an email to Plaintiff dated October 20, 2020. With respect to each piece of correspondence noted in the prior sentence, Defendant

respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence. The remaining allegations in this paragraph consist of Plaintiff's conclusions regarding the processing of the FOIA request; these allegations do not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

62. Defendant admits only that it received multiple emails from Plaintiff between October 22, 2020, and November 10, 2020, and that it sent multiple emails to Plaintiff between October 22, 2020, and November 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

63. As to the first sentence, Defendant admits only that (i) it received an email from Plaintiff dated November 12, 2020; and (ii) it sent a letter to Plaintiff dated November 16, 2020. Defendant respectfully refers the Court to the referenced correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

64. Defendant admits only that it sent a letter to Plaintiff dated November 16, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

65. As to the first sentence, Defendant admits only that (i) it received an email from Plaintiff dated December 9, 2020; and (ii) it sent an email to Plaintiff dated December 10, 2020. Defendant respectfully refers the Court to that correspondence for a complete and accurate

statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

66. Defendant admits only that it sent an email to Plaintiff dated December 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

67. Defendant admits only that it sent an email to Plaintiff dated December 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

68. Defendant admits that, as of the date of the Complaint, it had not issued a final determination to the request nor had it issued a final determination regarding Plaintiff's request for a fee waiver.

69. This paragraph consists of a legal conclusion, to which no response is required.

## PLAINTIFF'S CLAIMS FOR RELIEF
## CLAIM ONE

70. Defendant incorporates its responses to all preceding paragraphs.

71. This paragraph consists of legal conclusion, to which no response is required.

72. Defendant admits that, as of the date of the Complaint, it had not issued a final determination to the "NICS SOPs" request. To the extent that the allegations of this paragraph can be read to allege that Defendant has unlawfully withheld records to which Plaintiff is entitled, Defendant denies these allegations.

73. Defendant admits only that, in its June 25, 2020, correspondence, the Negotiation Team estimated that the FBI would take 28 months to complete processing of the FOIA request.

74. This paragraph consists of legal conclusion, to which no response is required.

75. This paragraph consists of legal conclusion, to which no response is required.

76. This paragraph consists of legal conclusion, to which no response is required.

77. This paragraph consists of legal conclusion, to which no response is required.

78. This paragraph consists of legal conclusion, to which no response is required.

## CLAIM TWO[2]

1. Defendant incorporates its responses to all preceding paragraphs.

2. This paragraph consists of legal conclusion, to which no response is required.

3. Defendant admits that, as of the date of the Complaint, it had not issued a final determination to the "COVID-19" request. To the extent that the allegations of this paragraph can be read to allege that Defendant has unlawfully withheld records to which Plaintiff is entitled, Defendant denies these allegations.

4. This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

5. This paragraph consists of legal conclusion, to which no response is required.

6. This paragraph consists of legal conclusion, to which no response is required.

7. This paragraph consists of legal conclusion, to which no response is required.

8. This paragraph consists of legal conclusion, to which no response is required.

9. This paragraph consists of legal conclusion, to which no response is required

## RELIEF REQUESTED

The remainder of Plaintiff's Complaint sets forth Plaintiff's requested relief to which no response is required. To the extent that this paragraph may be deemed to contain factual

---

[2] In Plaintiff's Complaint, the paragraph numbering in Claim Two restarts at "1".

allegations, they are denied. To the extent a response is otherwise deemed required, Defendants deny that Plaintiff is entitled to the relief for which Plaintiff seeks.

Dated: April 12, 2021

Respectfully submitted,

CHANNING D. PHILLIPS,
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2525 (telephone)
(202) 252-2590 (facsimile)
April.Seabrook@usdoj.gov

*Counsel for Defendant*