UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE**,**<br>　　　　Plaintiff,<br><br>　　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 21-0166 (CRC)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE TO COURT'S ORDER
FOR PROPOSED PRODUCTION SCHEDULE**

Pursuant to the Court's Minute Order dated August 23, 2021, the Federal Bureau of Investigation ("FBI" or "Defendant") respectfully submits the following Proposed Production Schedule to the Court:

**Background and Status of Plaintiff's FOIA Requests**

1. This matter concerns a request to the FBI under the Freedom of Information Act, 5 U.S. C. § 552 ("FOIA") submitted October 29, 2019, by The Brady Center to Prevent Gun Violence ("Brady Center" or "Plaintiff") for records related to the National Instant Criminal Background Check Systems Standard Operating Procedures ("SOP Request").[1]

---

[1] Plaintiff also submitted a FOIA request July 22, 2020, related to staffing and processing times of background checks during the COVID-19 pandemic ("COVID-19 Request"). Defendant identified responsive records totaling under 100 pages. This production did not involve a fee; thus the responsive, non-exempt records and associated release letter were sent to Plaintiff June 1, 2021.

2. During submission of the SOP Request, Brady Center elected to limit record production to two free hours of searching and 100 duplicated pages in the event that its fee waiver request was denied.

3. At the administrative stage 120 pages responsive to SOP Request were located by the FBI ("administrative search").

4. On January 19, 2021, Brady Center filed suit against the FBI.

5. In April 2021, Defendant conducted another search for responsive records related to the SOP Request per routine protocol for the FBI when a FOIA request enters litigation ("litigation search"). Following the litigation search over 4,300 potentially responsive records were located related to the SOP Request; these records included the original 120 pages located during the administrative search.

6. Once the litigation search identified 4,300 potentially responsive pages, Defendant reviewed Plaintiff's FOIA request for a fee waiver.

7. By letter dated April 19, 2021, Plaintiff was notified that its request for a public interest fee waiver was denied. The FBI advised Plaintiff that requests for fee waivers are determined on a case-by-case basis. *See* 5 U.S.C. 552 (a)(4)(A)(iii) and 28 C.F.R. § 16.10(k). The FBI advised Plaintiff that it failed to demonstrate that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government. The burden is on the requester to show that the statutory requirements for a fee waiver have been met. The FBI determined that Plaintiff did not submit enough information to meet the statutory requirements for a fee waiver. Defendant further advised Plaintiff that if it was not satisfied with the FBI's determination, Plaintiff could appeal the determination by writing to the Department of Justice's Director, Office of Information

Policy. Additionally, the April 19 letter pointed out that Plaintiff stated in the FOIA request that should its fee waiver be denied, it limited the request to the two free hours of searching and 100 duplicated pages. As a result, 100 pages were processed and non-exempt records and an associated release letter were sent to Plaintiff June 1, 2021, regarding the SOP request.

8. Plaintiff and Defendant conferred July 27, 2021, August 4, 2021, and August 13, 2021, regarding both FOIA requests. During this time, by email July 28, 2021, Defendant informed Plaintiff the potentially responsive records exceeded 120 pages for the SOP Request.

9. Defendant informed Plaintiff by email August 5, 2021, that approximately 4,300 responsive pages exist regarding the SOP Request. Upon notification of the specific quantity of pages Plaintiff retracted its narrowed request for limited production and requested that the FBI process the entire set of responsive pages. By letter dated August 10, 2021, Defendant informed Plaintiff of the estimated costs associated with processing the pages responsive to the SOP Request; by email, August 13, 2021, Plaintiff agreed to pay the $135 estimated costs for processing and releasing non-exempt records related to the SOP Request.

## Defendant's Proposed Production Schedule

10. Defendant proposed to Plaintiff its plan for processing the remaining responsive SOP Request records whereby 500-pages-per-month would be processed and monthly productions of non-exempt pages would commence on November 15, 2021 until complete.

## FBI's FOIA and Privacy Act Processing Resources and Interim Release Policy

11. The FBI's Record/Information Dissemination Section ("RIDS") interim release policy is to review and process records in 500 page per month increments per request or per litigation. *See Leopold v. United States Dep't of Just.*, No. 19-cv-1278 (RBW) (ECF No. 25-5 at 11) (declaration of David Hardy, Section Chief of RIDS, Information Management Division of the

Federal Bureau of Investigation) ("Hardy Decl."). Defendant's proposed schedule of 500 pages per month is a common processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice, et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing rate); Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595 (RC) (July 23, 2019) (ordering 500 page per month processing rate). In fact, this Court has also previously ordered a processing schedule of 500 pages per month. *See* Min. Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020) (ordering 500 page per month processing rate).

12. The FBI currently employs over 200 Government Information Specialists, with support from over 70 contractors, to process the high volume of requests for FBI information under the FOIA and Privacy Acts ("FOIPA") and conduct classification and declassification reviews, *inter alia*. *See* Hardy Decl. at 9–10.

13. By processing and making interim responses based on 500-page work items, the FBI is able to provide more pages to more requesters, thus avoiding a system where a few large requests or litigations monopolize finite processing resources and where fewer requesters' FOIPA requests are being fulfilled.[2]  Hardy Decl. at 11.

14. By working in 500 page per month increments, RIDS has found that more pages get processed,

---

[2]     The FOIA encourages agencies to develop multi-track processing with the goal of responding to more requests. *See*, e.g., 5 U.S.C. 552(a)(6)(D). As a result, the FBI has established four processing queues for small requests (l-50 pages), medium requests (5l-950

reviewed, and released to more requesters each month because processors can work on 500-page work items for several requests or litigations in a month.  Hardy Decl. at 11.  Also, 500-page work items are more manageable for the subject matter experts ("SMEs") outside of RIDS who review the materials to ensure that FBI equities are properly addressed and who juggle these FOIPA reviews concurrently with their FBI mission duties.[3]  *Id.* at 11–12.

15. Additionally, it is more efficient to run required information security protocols on FOIPA releases of 500 pages or less.  Hardy Decl. at 12.  Because many FBI records contain classified information and because all FBI records are processed on a classified computer enclave, records can only be disclosed after being run through security protocol scans for particular information to ensure that it is not improperly disclosed.  *Id.*  The time required to run security protocols and resolve any issues that may arise increases as pages are added.[4]  *Id.*

16. The FBI received tens of thousands of FOIPA requests in FY2020.  The FBI is currently involved in hundreds of pending FOIPA lawsuits.  In RIDS's experience, maintaining a steady 500 page per month interim release posture is key in meeting the demands posed by the growing number, size, and complexity of FOIPA requests and lawsuits received by the FBI.  Moreover, the standard policy promotes both agency and requester efficiencies.  The FBI has carefully balanced the volume of responsive records along with Plaintiff's interests, while also recognizing and preserving the rights of other litigants and requesters in accessing information

---

pages), large requests (951-8,000 pages), and extra-large requests (more than 8,000 pages). Hardy Decl. at 11 n.8.

[3] SMEs can include special agents and intelligence analysts who worked on particular investigations; special agents, intelligence analysis, or other employees who are experts in particular operational or technical subject matters, such as cyber or foreign intelligence threats or CART examinations; and attorneys.  Hardy Decl. at 12 n.9.

[4] *See National Security Counselors, et al. v. United States Department of Justice,* 848 F.3d 457 (D.C. Cir. 2017).

they seek. The FBI determined that altering its policy to suit the personal preferences of plaintiffs, or any of the thousands of other requesters seeking information from the FBI, would not be feasible or efficient and would disrupt RIDS'S ability to process the high volume of requests that are received in a manner that is most beneficial for FOIA requesters as a whole.

## Conclusion

17. The FBI takes very seriously its responsibilities regarding the administration of the FOIPA program. All reasonable efforts are being made to timely process requests at the administrative stage and those in litigation, including Plaintiff's. The FBI respectfully requests that this Court adopt its proposed processing schedule. A Proposed Order is attached.

Dated: September 3, 2021
      Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:       */s/ Blake A. Weiner*
     Blake A. Weiner
     Assistant United States Attorney
     555 Fourth Street, NW
     Washington, DC 20530
     (202) 803-1604

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>      Defendant. | Civil Action No. 21-0166 (CRC) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's Proposed Production Schedule, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED; and it is further

ORDERED that Defendant shall process 500 pages per month and make monthly productions of non-exempt pages commencing November 15, 2021, until all pages responsive to Plaintiff's FOIA Request No. 1451131-000 are processed.

SO ORDERED:

_____                                                              _____
Date                                                                      Christopher R. Cooper
                                                                             United States District Judge