**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE, | |
| Plaintiff, | |
| v. | Civil Action No. 21-0166 (CRC) |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

## ANSWER TO AMENDED COMPLAINT

Defendant Federal Bureau of Investigation ("Defendant"), a component-agency of the United States Department of Justice ("DOJ"), hereby responds to the Amended Complaint [ECF No. 22] for Declaratory Judgement and Injunctive Relief filed by Plaintiff, The Brady Center to Prevent Gun Violence ("Plaintiff").

## DEFENSES

Defendant alleges the following defenses to claims asserted in this Amended Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to it through the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions or exclusions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C. § 552(a)(4)(A)(iii).

## FOURTH DEFENSE

Defendant FBI is not a proper party, as it is not an agency within the meaning of 5 U.S.C. § 552(f)(1).  DOJ is the proper party-defendant.

## FIFTH DEFENSE

Plaintiff bears the burden of establishing that it meets all criteria for a fee waiver, and Plaintiff failed to satisfy that burden when requesting a fee waiver in connection with the FOIA requests that are the subject of this Amended Complaint.

## RESPONSES TO THE NUMBERED PARAGRAPHS[1]

Defendants respond below to the separately numbered paragraphs and demand for relief contained in this Amended Complaint.  To the extent that any allegation is not explicitly admitted herein, it is denied.  Moreover, to the extent that the Amended Complaint or this Answer refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials:  (a) are

---

[1]   Merely for ease of reference, Defendants replicate the headings contained in the Amended Complaint.  Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds as follows:

1.    This paragraph consists of Plaintiff's characterization of the present action, to which no response is required.

2.    Defendant admits only that it received a FOIA request from Plaintiff dated October 29, 2019. The remainder of the first sentence of this paragraph consists of Plaintiff's characterization of its purpose in submitting a FOIA request, to which no response is required. The second sentence consists of Plaintiff's characterization of its FOIA request, to which no response is required. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent with the full text of the FOIA request.

3.    As to the first sentence in this paragraph, Defendant admits only that, as of the date of the filing of the initial Complaint on January 29, 2021 ("Initial Complaint"), the FBI had not issued a final determination to the request nor had it released any records in response to the request. As to the second sentence, Defendant admits only that it sent an email to Plaintiff on June 25, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations of this paragraph to the extent they are inconsistent with the full text of the email. The third sentence consists of Plaintiff's legal conclusions, to which no response is required.

4.    As to the first sentence, Defendant admits only that it received a request from Plaintiff dated July 22, 2020. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations of this paragraph to the extent they are inconsistent with the full text of the request. As to the second and third

sentences, Defendant admits that, as of the date that the Initial Complaint was filed, the FBI had not issued a final determination to the request nor had it released any records or issued other correspondence to Plaintiff in response to the request. The fourth sentence consists of Plaintiff's legal conclusion, to which no response is required.

5. As to the first sentence, Defendant admits only that it has not issued a notice of unusual circumstances. The second sentence consists of Plaintiff's legal conclusion, to which no response is required.

6. This paragraph consists of Plaintiff's characterization of the relief sought in present action, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled any relief whatsoever and avers that Defendant is unsure what Plaintiff means when it states that it seeks relief "[i]n the interests of judicial economy."

## PARTIES

7. This paragraph contains Plaintiff's self-description. Defendant lacks sufficient information or knowledge to form a belief about the truth of this description.

8. As to the first sentence, admit. The second sentence is a legal conclusion couched as a factual allegation; therefore, no response is required.

## JURISDICTION AND VENUE

9. The first and second sentences set forth legal conclusions regarding jurisdiction, to which no response is required. The third sentence sets forth legal conclusions regarding venue, to which no response is required.

10. As to the first sentence, deny that the FBI is an agency within the meaning of 5 U.S.C. § 552(f), but admit that the FBI is a component of the DOJ and is subject to the requirements of the FOIA. The second sentence is a legal conclusion couched as a factual allegation; therefore, no response is required.

## <u>STATUTORY FRAMEWORK</u>

### <u>The Freedom of Information Act</u>

11.    This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required.  Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

12.    This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required.  Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

13.    This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required.  Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

14.    This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required.  Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

15.    This paragraph consists of Plaintiff's legal conclusions and characterization of the FOIA statute, to which no response is required.  Defendant respectfully refers the Court to the FOIA statute for a full and accurate statement of its contents and denies any allegations inconsistent with the full text of the statute.

**FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF**

16.   This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

17.   This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

18.   This paragraph consists of background information regarding Plaintiff; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

19.   This paragraph consists of Plaintiff's characterizations of background information regarding the Brady Handgun Violence Prevention Act ("Brady Act"); it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

20.   This paragraph consists of Plaintiff's characterizations of background information regarding the Brady Act and National Instant Criminal Background Check System ("NICS"); it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

21.   This paragraph consists of Plaintiff's characterizations of background information regarding the Brady Act and the NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

22.   As to the first sentence, Defendant admits only that the NICS is administered by the FBI's Criminal Justice Information Services Division ("CJIS") in Clarksburg, West Virginia. Plaintiff's allegations that NICS is an "information system" and is "housed" at CJIS do not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.   To the extent a response is required, Defendant lacks sufficient information to confirm or deny these allegations.   The second sentence of this paragraph consists of

Plaintiff's characterizations of background information regarding NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

23.   This paragraph consists of Plaintiff's characterizations of background information regarding NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

24.   This paragraph consists of Plaintiff's characterizations of background information regarding NICS; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.  Footnote 11 contains Plaintiff's characterization of a judicial opinion; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

25.   This paragraph, including the text of footnote 14, consists of Plaintiff's characterizations of background information regarding a separate legal action and Plaintiff's characterization of events in that legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

26.   This paragraph consists of Plaintiff's characterizations of background information regarding a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

27.    This paragraph consists of Plaintiff's characterizations of background information regarding a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

28.    This paragraph consists of Plaintiff's description of its goals in pursuing the instant litigation; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

29.    This paragraph consists of legal conclusions and arguments, to which no response is required.

30.    This paragraph consists of Plaintiff's characterization of how it intends to use the requested information; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

### FOIA Request No. 1451131-000
### NICS Standing Operating Procedures

31.    As to paragraph 31 and its three numbered subparagraphs, Defendant admits only that the FBI received a FOIA request from Plaintiff, dated October 29, 2019.  Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

32.    Defendant admits only that the FBI received a FOIA request from Plaintiff, dated October 29, 2019.  Defendant respectfully refers the Court to that request for a complete and

accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

33.    Defendant admits only that a copy of the NICS SOPs Request was attached as Exhibit A to the Initial Complaint. Defendant respectfully refers the Court to that Exhibit for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the FOIA request.

34.    Defendant admits that Defendant sent a letter to Plaintiff dated November 5, 2019, in which it acknowledged the request and assigned it FOIA Request No. 1451131-000, with subject "NICS Standard Operating Procedures"; Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter. Defendant lacks sufficient information or knowledge to confirm or deny the details of Plaintiff's receipt of such letter.

35.    As to the first sentence, Defendant admits that as of January 28, 2020, the FBI had not provided a final determination or a fee waiver determination and admits that the FBI received an emailed letter dated January 28, 2020, from Plaintiff. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence. As to the second sentence, Defendant admits only that the FBI responded via email on January 28, 2020. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

36.    This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

37.     As to the first sentence, admits only that the FBI received an emailed letter dated March 9, 2020, from Plaintiff.  Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.  As to the second sentence, Defendant denies and avers that it sent an email to Plaintiff dated March 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

38.     Defendant admits.

39.     Defendant admits.

40.     This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

41.     Defendant admits.

42.     This paragraph does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

43.     Defendant admits only that it engaged in email communications with Plaintiff between June 2020 and November 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

44.     Defendant admits only that it sent an email to Plaintiff dated June 25, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

10

45.     As to the first sentence, Defendant admits only that it sent an email to Plaintiff dated July 1, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.  As to the second sentence, Defendant lacks sufficient information or knowledge to form a belief about the truth of this allegation.

46.      Defendant admits only that it exchanged email communications with Plaintiff on July 6, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

47.     Defendant admits only that on July 8, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request.  The remainder of this paragraph consists of Plaintiff's characterization of the discussion and does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

48.     Defendant admits only that on July 8, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request.  The remainder of this paragraph consists of Plaintiff's characterization of the discussion and Defendant lacks sufficient information or knowledge to respond to the allegations regarding details of that discussion.

49.     This paragraph characterization of information regarding documents in a separate legal action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the record of the separate legal action for a full and accurate statement of its contents and denies any allegations inconsistent with the full record of that action.

50.     Defendant admits only that on July 8, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request.  The remainder of this paragraph consists of Plaintiff's characterization of the discussion and Defendant lacks sufficient information or knowledge to respond to the allegations regarding details of that discussion.

51.     Defendant admits only that (i) on July 16, 2020, Plaintiff and a representative from the Negotiation Team discussed Plaintiff's FOIA request, (ii) Plaintiff indicated it would not further reduce the size of its request, (iii) Plaintiff inquired about expedited processing, and (iv) Defendant indicated that Brady could submit a request for expedited processing via email.  Defendant lacks sufficient information or knowledge to respond to the allegations regarding other details of that discussion.

52.     Defendant admits only that it received an emailed letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter.

53.     Defendant admits only that the FBI denied Plaintiff's request for expedited processing.

54.     Defendant admits only that, as of the date that the Initial Complaint was filed, the FBI had not issued a final determination regarding FOIPA 1451131-000, nor had the FBI issued a final determination regarding Plaintiff's request for a fee waiver.

55.     This paragraph consists of a legal conclusion, to which no response is required.

**FOIA Request No. 1471421-000**
**NICS Background Check Processing During COVID-19 Pandemic**

56.     In response to paragraph 56 and its eight subparts, Defendant admits only that it received, via its eFOIPA portal, a letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents

and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the letter.

57.     Defendant admits only that it received, via its eFOIPA portal, a letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

58.     Defendant admits only that it received, via its eFOIPA portal, a letter from Plaintiff dated July 22, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

59.     Defendant admits.

60.     This paragraph consists of allegations related to a FOIA request that is not the subject of this action; it does not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

61.     Defendant admits only that (i) it received an email from Plaintiff dated October 16, 2020; (ii) it sent an email to Plaintiff dated October 19, 2020; (iii) it received an email from Plaintiff dated October 19, 2020; and (iv) it sent an email to Plaintiff dated October 20, 2020.  With respect to each piece of correspondence noted in the prior sentence, Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.  The remaining allegations in this paragraph consist of Plaintiff's conclusions regarding the processing of the FOIA request and Plaintiff's characterizations of their motivation for communicating with the FBI regarding the request; these allegations do not set forth a claim for relief or aver facts in support of a claim and, thus, no response is required.

62.     Defendant admits only that it received multiple emails from Plaintiff between October 22, 2020, and November 10, 2020, and that it sent multiple emails to Plaintiff between October 22, 2020, and November 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

63.     As to the first sentence, Defendant admits only that (i) it received an email from Plaintiff dated November 12, 2020; and (ii) it sent a letter to Plaintiff dated November 16, 2020. Defendant respectfully refers the Court to the referenced correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

64.     Defendant admits only that it sent a letter to Plaintiff dated November 16, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

65.     As to the first sentence, Defendant admits only that (i) it received an email from Plaintiff dated December 9, 2020; and (ii) it sent an email to Plaintiff dated December 10, 2020. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

66.     Defendant admits only that it sent an email to Plaintiff dated December 10, 2020; Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent that they are inconsistent with the full text of the correspondence.

67.     Defendant admits only that it sent an email to Plaintiff dated December 10, 2020;
        Defendant respectfully refers the Court to that correspondence for a complete and accurate
        statement of its contents and denies the allegations in this paragraph to the extent that they
        are inconsistent with the full text of the correspondence.

68.     Defendant admits that, as of the date that the Initial Complaint was filed, it had not issued
        a final determination to the request, nor had it issued a final determination regarding
        Plaintiff's request for a fee waiver with respect to FOIA Request No. 1471421-000.

69.     This paragraph consists of a legal conclusion, to which no response is required.

**Administrative Fee Waiver Dispute**
**Regarding FOIA Request Nos. 1451131-000 and 1471421-000**

70.     Defendant admits only that (i) on April 19, 2021, the FBI sent Plaintiff two letters: one
        letter concerned Plaintiff's fee waiver request regarding FOIA Request No. 1451131-000
        and the other letter related to Plaintiff's fee waiver request regarding FOIA Request
        No. 1471421-000; and (ii) the FBI determined that, based on the information supplied by
        Plaintiff in connection with its fee waiver requests, Plaintiff had failed to demonstrate
        eligibility for a fee waiver.   Defendant respectfully refers the court to the correspondence
        for a complete and accurate statement of its contents and denies all allegations inconsistent
        with the full text of the correspondence.

71.     Defendant admits only that, on July 16, 2021, Plaintiff sent a letter to the Department of
        Justice's Office of Information Policy ("OIP") regarding the requested fee waivers;
        Defendant respectfully refers the court to the correspondence for a complete and accurate
        statement of its contents and denies all allegations inconsistent with the full contents of the
        document.

72.    Defendant admits only that a letter was sent to Plaintiffs on December 1, 2021, from OIP; Defendant respectfully refers the court to the correspondence for a complete and accurate statement of its contents and denies all allegations inconsistent with the full contents of the document.

**73.**    This paragraph contains a legal conclusion to which no response is required.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records in Response to the NICS SOPs Request Under FOIA)

74.    Defendant incorporates its responses to all preceding paragraphs.

75.    This paragraph consists of legal conclusion, to which no response is required.

76.    Defendant admits that, as of the date that the Initial Complaint was filed, the FBI had not issued a final determination to the "NICS SOPs" request.  To the extent that the allegations of this paragraph can be read to allege that Defendant has unlawfully withheld records to which Plaintiff is entitled, Defendant denies these allegations.

77.    Defendant admits only that, in its June 25, 2020, correspondence, the Negotiation Team estimated that the FBI would take 28 months to complete processing of the FOIA request.

78.    This paragraph consists of legal conclusion, to which no response is required.

79.    This paragraph consists of legal conclusion, to which no response is required.

80.    This paragraph consists of legal conclusion, to which no response is required.

81.    This paragraph consists of legal conclusion, to which no response is required.

82.    This paragraph consists of legal conclusion, to which no response is required.

### CLAIM TWO
### (Failure to Produce Records in Response to the COVID-19 Request Under FOIA)

83.    Defendant incorporates its responses to all preceding paragraphs.

84.    This paragraph consists of legal conclusion, to which no response is required.

85.     Defendant admits that, as of the date that the Initial Complaint was filed, it had not issued a final determination to the "COVID-19" request.  To the extent that the allegations of this paragraph can be read to allege that Defendant has unlawfully withheld records to which Plaintiff is entitled, Defendant denies these allegations.

86.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

87.     This paragraph consists of legal conclusion, to which no response is required.

88.     This paragraph consists of legal conclusion, to which no response is required.

89.     This paragraph consists of legal conclusion, to which no response is required.

90.     This paragraph consists of legal conclusion, to which no response is required.

### CLAIM THREE
### (FBI should grant the Brady Center's requests for a fee waiver for the FOIA Requests)

91.     Defendant incorporates its response to all preceding paragraphs.

92.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required and this paragraph can be interpreted as alleging that Plaintiff satisfied the requirements to establish entitlement to the requested fee waivers, Defendant denies the allegations in this paragraph.

93.     This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

94.     This paragraph consists of legal conclusions, to which no response is required.

95.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the allegations in this paragraph.

## **PRAYER FOR RELIEF**

The remainder of Plaintiff's Amended Complaint sets forth Plaintiff's requested relief, to which no response is required.  To the extent that this paragraph and/or its subparts may be deemed to contain factual allegations, they are denied.  To the extent a response is otherwise deemed required, Defendants deny that Plaintiff is entitled to the relief for which Plaintiff seeks.

Dated:  February 7, 2022                     Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:  _/s/ April Denise Seabrook_
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2525 (telephone)
(202) 252-2590 (facsimile)

_Counsel for Defendant_