UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE, <br>        Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br>        Defendant. | Civ. A. No. 21-0166 (CRC) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Orders of September 9, 2021 and November 16, 2022, Plaintiff the Brady Center to Prevent Gun Violence ("Brady Center" or "Plaintiff"), and Defendant Federal Bureau of Investigation ("Defendant" or "FBI"), a component-agency of the United States Department of Justice ("DOJ"), hereby submit this Joint Status Report regarding the processing of the requests that are the subject of this case.

On November 16, 2022, the Court ordered the parties to file a further Joint Status Report on or before January 13, 2023. Since the FBI began producing pages in June, 2021 pursuant to the September 9, 2021 Court Order, Defendant has released 1,561 pages and reviewed 4,547 pages. However, within the past 60 days, Defendant has released only one page. The FBI has indicated that no more pages remain to be processed and that it is now only awaiting responses from outstanding consultations requested of other agencies. Pursuant to its duty to "meet and confer," Plaintiff has requested information of Defendant pertaining to exemptions invoked or redactions made in the productions that began 16 months ago. Those requests were forwarded by undersigned

government counsel to the FBI who responded in turn to the requests. Plaintiff followed up with additional clarifications to which the government responded.

## PLAINTIFF'S POSITION

Plaintiff does not believe that Defendant's responses sufficiently explain Defendant's reasoning for each claimed FOIA exemption or have resolved Plaintiff's outstanding questions related to the productions. Plaintiff has asked Defendant to indicate the number of remaining pages awaiting outstanding consultations with outside agencies for production, but has provided no further information as to the remaining volume or timing for productions. Plaintiff further believes, at this point, it has sufficient information to request a Vaughn Index. The parties have been unable to reach a compromise to address concerns related to Defendant's claimed FOIA exemptions and believe it is in all parties' interest to move forward with a proposed case schedule. Plaintiff intends to move for a case schedule within the next 30 days.

## DEFENDANT'S POSITION

Defendant disagrees with Plaintiff's position. Plaintiff has inquired about certain documents that were not released. The Bureau's investigation reveals that the records in question were produced pursuant to a protective order in litigation and, therefore, were not a release to all within the meaning of FOIA. In other words, the records are not in the public domain for purposes of FOIA. The Bureau has also explained that an additional tranche of records has been referred for consultation to other government agencies and that those deemed responsive and non-exempt will be released upon their return from the consulting agencies.

Defendant objects to proceeding to briefing in this case before all of the potentially responsive records have been processed, which is an implication of Plaintiff's insistence on setting a briefing schedule within 30 days. Records in which other government agencies have

equities are still being reviewed by consulting agencies.  Defendant is unsure that all of the outstanding consultations will be returned in sufficient time to set a briefing schedule within 30 days.  Handling the matter in a piecemeal fashion is inefficient and inconsistent with the interests of justice.  For that same reason, Defendant will not agree to simultaneous briefing as an earlier draft of Plaintiff's position sought.

Defendant proposes that the parties file an additional status report in either 60 days (March 14, 2023) or within 30 days of its final release, whichever is shorter.

| | |
|---|---|
| Date: January 13, 2023 | Respectfully submitted, |
| By: */s/ Carrie C. Mahan*<br>Carrie C. Mahan, D.C. Bar # 459802<br>S. Nicole Booth, D.C. Bar # 1723904<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, N.W., Suite 600<br>Washington, D.C. 20036<br>(202) 682-7231<br>carrie.mahan@weil.com<br>nicole.booth@weil.com<br><br>*Counsel for Plaintiff Brady Center to Prevent Gun Violence* | MATTHEW M. GRAVES, D.C. Bar # 481051<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Civil Division<br><br>By:  */s/ John Moustakas*<br>JOHN MOUSTAKAS, D.C. Bar # 442076<br>Assistant United States Attorney<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2518<br>john.moustakas@usdoj.gov<br><br>*Counsel for Defendant Federal Bureau of Investigation* |