# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE BRADY CENTER TO PREVENT GUN VIOLENCE,** <br><br> *Plaintiff*, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION,** <br><br> *Defendant*. | Civil Action No. 21-0166 (CRC) |

## MOTION TO EXPEDITE

Plaintiff The Brady Center to Prevent Gun Violence (the "Brady Center") submits this motion to expedite resolution of its Freedom of Information Act ("FOIA") action against Defendant the Federal Bureau of Investigation (the "FBI"). In this action, we seek access to certain Standard Operating Procedures ("SOPs") used by the FBI in implementing the operation of the National Instant Criminal Background Check System ("NICS"). The parties' Cross-Motions for Summary Judgment in this matter have been fully briefed since November 8, 2024. ECF 51, 57, 58, 61, 62, 63. Given the importance of the information at stake, this Court should expedite this action under 28 U.S.C. § 1657's (the "Act") strong preference for expedited resolution of FOIA actions, and issue a decision forthwith.

Pursuant to LCvR 7(m), undersigned counsel conferred with counsel for the FBI, who states that the FBI opposes this motion.

**ARGUMENT**

The Act mandates that courts expedite consideration of any action where "good cause" is shown. 28 U.S.C. § 1657(a). Good cause exists when a "right under the Constitution of the United States or a Federal Statute"—such as those provided by FOIA—would be preserved in a "factual context that indicates that a request for expedited consideration has merit." *Id.* "Speed is an essential element . . . of *de novo* review under FOIA." *Brennan Ctr. for Justice at N.Y. Univ. Sch. Of Law v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 547-55 (S.D.N.Y. 2018). "Prompt review of decisions denying access to government information is critical to FOIA users and the purposes of the Act." *Ferguson v. F.B.I.*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (citing H.R. Rep. No. 985, 98th Cong., 2d Sess. 6, reprinted in 1984 U.S. Code Cong. & Admin. News 5708, 5779, 5783) ("Civil Priorities Act Report"). Significant here is that Congress intended for the "good cause"

provision to "be liberally construed by the courts in granting requests for expedited consideration under [FOIA]." *Ferguson*, 722 F. Supp. at 1144 (quoting Civil Priorities Act Report at 5784).

This case unequivocally meets the "good cause" standard for expedition, given the profound and urgent public interest in its resolution. The FBI's firearm purchase background check process is at the center of widespread public and media scrutiny because its systemic flaws pose a direct and ongoing threat to public safety on a national scale. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Opposition and Cross-Motion") (ECF 57) at 43-45; Plaintiff's Reply Memorandum in Further Support of Plaintiff's Cross-Motion for Summary Judgement (ECF 63) ("Pl.'s Reply") at 19-21. The stakes are extraordinarily high: the failure of this system has allowed at least 15,676 firearms to be transferred to individuals legally prohibited from possessing them since our FOIA request was filed in October 2019. Pl.'s Reply at 2. Every day without resolution perpetuates this crisis, leaving the public vulnerable and without the information it needs to address this preventable harm. This is not merely a procedural matter—it is a life-or-death issue. *See* Pl.'s Reply at 3.

Further delays unfairly harm would-be and future victims of gun violence, who continue to pay the price for the FBI's flawed system. The agency's own data, alongside statistics from the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") and the Government Accountability Office (the "GAO"), reveal a critical need for reform. *See* Pl.'s Opposition and Cross-Motion at 1, 34-35. Yet, despite Judge Gergel's strong admonition six years ago in *Sanders v. United States*, labeling the FBI's NICS background check system "dubious and outdated" and his call for the FBI to fix its system, the agency seems to have failed to fix its glaring deficiencies. *Sanders*, 324 F. Supp. 3d 636, 649-50 (D.S.C. 2018), *rev'd and remanded*, 937 F.3d 316 (4th Cir.

2019) ("Perhaps the FBI, learning fully the details of the failure of its system in this tragic series of events, will promptly take corrective steps to prevent a similar failure of the system in the future."). These flaws and failures are not abstract; they actively fuel the epidemic of firearm-assisted homicides and, in some cases, mass shootings, with guns too frequently ending up in the hands of individuals who should never have been allowed to obtain them in the first place. *See* Pl.'s Opposition and Cross-Motion at 2.

In short, the public has a massive interest in expedited resolution of this case, and the urgency to act cannot be overstated. Each day that passes without resolution compounds the devastating consequences of the flawed NICS SOPs. Innocent lives are lost when this system fails at its most fundamental purpose: keeping firearms out of the hands of those prohibited by law from possessing them. The public deserves a prompt resolution to this case because the Brady Center's vital work of ensuring that the NICS firearm purchase background check system operates as the Brady Law intended is fundamentally impeded until this action is resolved.

With significant public safety concerns hanging in the balance, it is essential for the Court to act promptly on the summary judgment motions pending since November 2024. Swift action is not only necessary to bring transparency and accountability to the flawed NICS system but also to implement critical reforms that will save lives. Addressing these systemic failures without delay is key to restoring public trust in a system that has too often fallen short of its responsibility to protect the very people it was designed to safeguard.

## CONCLUSION

Given the urgency of this matter, as set forth above, in our Opposition and Cross-Motion, and in our Reply, this case should be expedited.

Dated: February 5, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Joshua M. Wesneski*
　　　　　　　　　　　　　　　　　　Joshua M. Wesneski
　　　　　　　　　　　　　　　　　　(D.C. Bar No. 1500231)
　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　2001 M Street, N.W., Suite 600
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　(202) 682-7248
　　　　　　　　　　　　　　　　　　joshua.wesneski@weil.com

　　　　　　　　　　　　　　　　　　Heidi R. Goldsmith (*pro hac vice*)
　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10153-0119
　　　　　　　　　　　　　　　　　　(212) 310-8000
　　　　　　　　　　　　　　　　　　heidi.goldsmith@weil.com

　　　　　　　　　　　　　　　　　　Douglas N. Letter
　　　　　　　　　　　　　　　　　　(D.C. Bar No. 253492)
　　　　　　　　　　　　　　　　　　BRADY UNITED AGAINST GUN VIOLENCE
　　　　　　　　　　　　　　　　　　840 First Street, N.E.
　　　　　　　　　　　　　　　　　　Washington, DC 20002
　　　　　　　　　　　　　　　　　　(202) 370-8156
　　　　　　　　　　　　　　　　　　dletter@bradyunited.org

　　　　　　　　　　　　　　　　　　*Attorneys for The Brady Center*
　　　　　　　　　　　　　　　　　　*to Prevent Gun Violence*