**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE BRADY CENTER TO PREVENT GUN VIOLENCE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br><br>*Defendant*. | Civil Action No. 21-0166 (CRC) |

**PLAINTIFF'S MOTION FOR ORAL ARGUMENT ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff, The Brady Center to Prevent Gun Violence (the "Brady Center"), respectfully moves for oral argument on Defendant's, the Federal Bureau of Investigation's (the "FBI"), Motion for Summary Judgment (ECF 51), filed on July 1, 2024, and the Brady Center's Cross-Motion for Summary Judgment (ECF 58), filed on August 14, 2024. Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment (ECF 57) on August 14, 2024, the Defendant filed a Reply in Further Support of Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment (ECF 61, 62) on October 3, 2024, and Plaintiff filed a Reply Memorandum in Further Support of Plaintiff's Cross-Motion for Summary Judgment (ECF 63) on November 8, 2024.

Pursuant to LCvR 7(m), Plaintiff's counsel conferred with counsel for the FBI, who states that the FBI opposes this motion.

Plaintiff further moves that oral argument be set on a date mutually agreed upon between the parties and convenient to the Court.

## **GROUNDS FOR REQUEST**

Oral argument should assist the Court in swift resolution of the FBI's pending Motion for Summary Judgment (ECF 51) and our Opposition and Cross-Motion for Summary Judgment (ECF 57, 58). Expedition is clearly warranted here given the profound and urgent public interest in the resolution of this case. As detailed in our accompanying Motion to Expedite, this case unequivocally meets the "good cause" standard for expedited proceedings. The FBI's firearm purchase background check process, which is central to this litigation, has been the subject of intense public and media scrutiny due to systemic failures that pose a direct and ongoing threat to national public safety. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s

Opposition and Cross-Motion") (ECF 57) at 43-45; Plaintiff's Reply Memorandum in Further Support of Plaintiff's Cross-Motion for Summary Judgement (ECF 63) ("Pl.'s Reply") at 19-21.

The stakes in this case are extraordinarily high. Since we filed our FOIA request in October 2019, at least 15,676 firearms have been transferred to individuals legally prohibited from possessing them due to failures in the FBI's background check system. *See* Pl.'s Reply at 2. Each day that passes without resolution of this litigation compounds the devastating consequences of the flawed firearm purchase background check SOPs. Innocent lives are lost when this system fails at its most fundamental purpose: keeping firearms out of the hands of those prohibited by law from possessing them. The public deserves expedited access to the information it needs to address this preventable harm. This is not merely a procedural matter—it is a life-or-death issue. *See* Pl.'s Reply at 3.

Oral argument will plainly aid this expedition. A hearing would allow the parties to distill their arguments to a few key points, which can be directly addressed with the Court. It will also provide the Court an opportunity to engage with counsel on the points of contention, thereby getting to the heart of the issues efficiently. This procedure will facilitate a swift resolution, ensuring that the Court has everything it needs to render a prompt decision.

## CONCLUSION

For these reasons, we respectfully request that this Court grant this motion and set the FBI's Motion for Summary Judgment and our Cross-Motion for Summary Judgment for a hearing.

Dated: February 5, 2025.                    Respectfully submitted,

/s/ *Joshua M. Wesneski*
Joshua M. Wesneski
(D.C. Bar No. 1500231)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
(202) 682-7248
joshua.wesneski@weil.com

Heidi R. Goldsmith (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
(212) 310-8000
heidi.goldsmith@weil.com

Douglas N. Letter
(D.C. Bar No. 253492)
BRADY UNITED AGAINST GUN VIOLENCE
840 First Street, N.E.
Washington, DC 20002
(202) 370-8156
dletter@bradyunited.org

*Attorneys for The Brady Center
to Prevent Gun Violence*